UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA J. COGER,

    Plaintiff,

                                      CASE NO. 05-70001
                                      JUDGE PAUL D. BORMAN
                                      MAGISTRATE JUDGE VIRGINIA M. MORGAN

v.

PRIMERICA LIFE INSURANCE
COMPANY, a Massachusetts
Corporation licensed in the State of
Michigan,

    Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S
MAY 10, 2006 ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION
TO COMPEL**

On May 10, 2006, Magistrate Judge Virginia Morgan entered an Order Granting in Part Plaintiff's Motion to Compel Defendant to Provide Full and Complete Responses to Discovery, filed on March 24, 2006. The Magistrate Judge denied Plaintiff's request as to Interrogatory Numbers 16 and 17. Plaintiff filed objections to the Magistrate Judge's ruling on May 19, 2006, arguing that Defendant should be required to respond to Interrogatory Numbers 16 and 17. Defendant responded to Plaintiff's objections on June 2, 2006.

Pursuant to Federal Rule of Civil Procedure 72, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."

The Court finds that the Magistrate Judge's ruling is not clearly erroneous or contrary to law. A review of the transcript from the May 8, 2006 hearing supports that Interrogatory Number 16 is more properly directed to Travelers Insurance, who issued the notices. Plaintiff's counsel acknowledged the issue with Interrogatory Number 16 when she stated that "[Plaintiff's counsel] did not know there was a third party at the time [Plaintiff's counsel] wrote these interrogatories." (5/8/06 Hearing Tr. 32:2-4).

Furthermore, Interrogatory Numbers 16 and 17 are overbroad. The Court notes that in the case cited by Plaintiff in support of its motion, *Finch v. Monumental Life Insurance Co.*, 820 F.2d 1426 (6th Cir. 1986), discovery is not at issue.  Rather, the dispute in *Finch* concerned the relevancy of evidence that one particular policyholder had not received a premium due notice from the insurance company. *Finch* gives no indication as to how this information was obtained.  Although the Sixth Circuit found that such evidence was relevant, this does not support Plaintiff's claim that Defendant should be compelled to give Plaintiff the names, addresses, and telephone numbers of any insured persons who were sent premium due notices, or reported not receiving notices at the time Defendant allegedly sent them to its policyholders.  Moreover, in *Finch*, the insurance company was unable to produce any specific correspondence relating to Plaintiff's claim.  Here, Defendant has produced copies of the actual notices sent to Plaintiff.

Accordingly, the Court finds that Plaintiff's Motion to Compel responses to Plaintiff's Interrogatory Numbers 16 and 17 was properly denied.

**IT IS ORDERED** that Magistrate Judge Morgan's May 10, 2006 Order is adopted and entered as the findings of this Court.

                                       s/Paul D. Borman
                                       PAUL D. BORMAN
                                       UNITED STATES DISTRICT JUDGE

Dated:  June 29, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 29, 2006.

                                       s/Jonie Parker
                                       Case Manager