UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Brenda J. Coger,

       Plaintiff,

v.                                                          Case No. 05-70001

Primerica Life Insurance Company,                           Honorable Sean F. Cox
a Massachusetts Corp. Licensed in the
State of Michigan,

       Defendants.

_____/

## **OPINION & ORDER**

      Plaintiff Brenda J. Coger filed this action against Defendant Primerica Life Insurance
Company ("Primerica") alleging that Primerica breached a life insurance policy when it denied
her claim for life insurance benefits following the death of her husband.  The matter is currently
before the Court on the parties' cross-motions for summary judgment.   Plaintiff contends that
she is entitled to summary judgment because Primerica failed to provide written notice of
termination of the policy as required by law.  Primerica contends that it provided sufficient notice
to Mr. Coger and that it is entitled to summary judgment because the policy lapsed due to non-
payment of premiums.  The Court heard oral argument on December 14, 2006.  For the reasons
that follow, the Court concludes that a genuine issue of material fact exists as to whether
Primerica terminated the policy at issue by sending Mr. Coger a written termination notice that
comports with M.C.L. §500.4012(b).   The Court shall therefore **DENY** the parties' cross-
motions for summary judgment.

1

<u>BACKGROUND</u>

In 1987 Al Coger purchased a life insurance policy ("the Policy") from what is now known as Primerica.  He named his wife, Plaintiff Brenda J. Coger ("Plaintiff") as the beneficiary of the Policy.

With respect to default, the Policy states, "If you Default, this Policy will terminate at the end of the Grace Period."  (Ex. A to Def.'s Br. at 13).  The Policy defines the grace period as:

> GRACE PERIOD - This Policy has a 31 day Grace Period for payment of each premium after the first.  This means that if a premium is not paid on or before the date it is due, it may be paid during the following 31 days.  No interest will be charged for this late payment.  During this 31 days, the Policy will stay in force. If the Insured dies during the Grace Period, the premium due will be deducted from the proceeds payable.

(*Id*.).

From 1987 to 1993, Mr. Coger paid monthly premiums by automatic withdrawal by his bank account.   Starting in 1993, he began paying his premium on an annual basis by personal check.  It is undisputed that Mr. Coger paid the premiums in 1993, 1994, 1995, 1996 and 1997.

Mr. Coger died on June 12, 2000.  Following his death, Plaintiff submitted a claim for the insurance proceeds under the Policy.  Primerica denied the claim, stating that because no premiums had been received after November 5, 1998, the Policy had terminated and no benefits were payable.  (*See* Ex. H to Def.'s Br.).  Thereafter, Plaintiff filed this action alleging breach of contract and seeking the insurance proceeds.

In September, 2006, both parties filed cross-motions for summary judgment under FED. R. CIV. P. 56.

2

Standard of Decision

Summary judgment is proper when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

## ANALYSIS

Michigan law requires that with respect to any life insurance policy, the policy must contain a grace period of one month and that written notice must "be sent by the insurer to the policyowner's last known address at least 30 days prior to termination of coverage." M.C.L. §500.4012.

The Policy here contains a 31 day grace period. Although the Policy does **not** contain a provision regarding providing 30 days notice prior to termination, Primerica acknowledges that the obligation is nevertheless imposed on it under Michigan law. (*See* Def.'s Br. at 5 n.5). Thus, it is undisputed that in order to terminate the Policy, Primerica was required to send written notice of termination to Mr. Coger's last known address at least 30 days prior to termination of his coverage.

Primerica contends that it provided sufficient notice to Mr. Coger and that it is entitled to summary judgment because the policy lapsed due to non-payment of premiums. It is undisputed that Mr. Coger did not pay any premiums after 1997. Thus, if Primerica can establish that it provided the requisite notice of termination to Mr. Coger, then the Policy terminated, no benefits are payable, and Primerica would be entitled to summary judgment.

3

Conversely, if Plaintiff can establish that Primerica failed to provide the required 30 days written notice prior to the termination, then the termination would be ineffective and Plaintiff would be entitled to summary judgment.

Finally, if a genuine issue of material fact exists as to whether the requisite notice was provided, neither party would be entitled to summary judgment because an issue of fact would exist for the jury (*i.e.* whether or not Primerica sent the requisite notice to Mr. Coger).

In support of its motion, Primerica submitted copies of several premium due notices that it sent to Mr. Coger.   (*See* Ex. C to Def.'s Motion).  Those notices indicate that in 1993 and 1994, Primerica sent Mr. Coger "Premium Due Notices" that informed him of the amount of his premium that was due, the due date, and the period covered.  The notices submitted by Primerica further indicate that in 1995, 1996 and 1997, Primerica sent Mr. Coger similar Premium Due Notices. Unlike the 1993 and 1994 notices, however, the 1995, 1996, and 1997 notices stated, "IMPORTANT: ANY PREMIUM 31 DAYS PAST DUE WILL CAUSE YOUR POLICY TO LAPSE.  (*Id*.).  All of the above notices indicate they were addressed to Mr. Coger at 5350 Coldwater Rd. Lapeer, Michigan 48446 – his correct address.  (*Id.)*.  None of the notices indicate the date on which they were mailed to Mr. Coger and none of the notices were sent via certified or registered mail.

Primerica has not submitted any copies of premium notices sent to Plaintiff after the 1997 notice.  It nevertheless asserts that "on or about October 14, 1998" Primerica "sent Mr. Coger a premium due notice for the period covering November 1998-November 1999."  (Def.'s Br. at 2).

In support of that assertion, Primerica submits the deposition testimony of Linda Koutras ("Koutras") and Cheryl Talbert ("Talbert").  Primerica indicates that Koutras is Primerica's Vice

4

President of Information Technology (*see* Def.'s Br. at 2 n.2). Primerica does not identify Talbert, but she appears to be another Primerica representative. Primerica identifies pages 28-29 and 36-37 of the deposition of Koutras, and pages 25-26 of the deposition of Talbert, as supporting its position that a notice was sent on or about October 14, 1998.

Koutras testified that Primerica does not save hard copies of premium notices that it sends to its customers but that it "keep[s] the information" that is "put into the form[s]" via computers. (Koutras Dep. at 32). Primerica did not submit any of the exhibits to the Koutras deposition to the Court, but it appears that during her deposition Koutras was asked about a specific document. Koutras noted the document at issue was a record of notices sent to customers that is used to go out to agencies. Kourtras testified that there are several codes indicated on that document and explained that "the first step would occur that the policy was scheduled to have a premium notice generated 20 days prior to the customer's due date." (Koutras Dep. at 28).

She further testified that "[i]t gets scheduled through the computer and it produces an extract of data that then gets processed and downloaded to our printer and then it gets matched up with the actual billing form in the data populated on the form." (*Id*. at 29). She states that a notice would be generated that same evening, sometime after 6:00 p.m. (*Id*.) She states that after a given notice has been generated, it "goes into a working area, it sits there. The mail room comes in and boxes it up and packages it up and takes it to Travelers." She testified that she is "not sure what the exact time or the exact timing is, but we try to get them to Travelers before noon." (*Id*. at 36-37). She further testified that she does not know if Primerica prints or generates the envelopes for the notices, and that she does not know what happens to the notices once they are taken from the mail room and does not know what Travelers' practice is once they receive the notices from

5

Primerca.  (*Id*. at 38).

Talbert testified that it is her understanding that a notice to Mr. Coger was generated on October 14, 1998, based, presumably, upon reviewing the same document that Koutras apparently reviewed.  (Talbert Dep. at 25-26).

Primerica asserts that it is entitled to summary judgment because the above evidence establishes that it sent the required notice.

Primerica has also submitted an affidavit from Stephen Howard, the Director of Operations for Travelers.  He states that "[i]n 1998-1999, it was Travelers' customary and standard business practice to receive correspondence from Primerica each business day and to stuff the correspondence into envelopes and present it to the United States Post Office within 2 business days."  (*See* Howard Aff.)  He further asserts that there is no evidence to suggest that Travelers did anything other than properly mail the correspondence.

Plaintiff asserts that Primerica wrongfully denied benefits under the Policy because Primerica cannot establish that it sent written notice to Mr. Coger 30 days prior to terminating the policy, as required by M.C. L. §500.4012(b).

Plaintiff asserts that the only issue in the cross-motions is whether or not Primerica complied with that statutory requirement.  She asserts that any notices Primerica may have sent after the termination are irrelevant; Primerica either met the requirement before terminating the Policy or it did not.

Plaintiff asserts that Primerica's evidence does not establish that it sent the required notice. It asserts that the proffered testimony, at best, establishes that a premium due notice was *scheduled* or *generated* to be mailed at a later date.  She asserts that there is no evidence to establish that the

6

notice was generated, and no evidence to show that the notice was mailed.  She further asserts that there is not sufficient evidence of a business routine or habit that could come into play here, arguing that Primerica cannot offer any specificity regarding a routine practice of premium due notices to its life insurance policy holders.

Plaintiff further asserts that even if there was a rebuttable presumption that the letter had been mailed, she has produced sufficient evidence to rebut that presumption because she has testified that:  she never saw the notice; she does not have the notice, although she has all other notices sent by Primerica; Mr. Coger systematically paid all bills within a week of their receipt; and that they had the financial means to pay the premium and wanted it intact because of Mr. Coger's life-threatening illness.

Based on the evidence that has been submitted by the parties, the Court must deny both Motions for Summary Judgment.  Primerica admits that it had a statutory obligation to send a termination notice to Mr. Coger at least 30 days before terminating the Policy.  Based on *Nowell v. Titan Ins. Co., 466 Mich. 478 (2002)* and the language of the applicable statute, Primerica need not establish actual receipt of the notice by Mr. Coger.  Rather, as Plaintiff acknowledged at the December 14, 2006 hearing, it must only establish that a sufficient notice was timely mailed to Mr. Coger's last known address.

Even if the evidence submitted by Primerica as to its general business practices relating to generating and mailing premium due notices were sufficient under *Good v. D.A.I.E.,* 67 Mich. App. 270 (1976) to establish that mailing of an October 1998 notice occurred, the record evidence submitted to the Court in support of Defendant's Motion for Summary Judgment, when viewed in a light most favorable to the non-moving party, is nevertheless insufficient to establish that

Primerica complied with M.C.L. §500.4012(b).

Primerica only submitted evidence that a "premium due notice" was generated on or about October 18, 1998, and mailed shortly thereafter. Primerica has not submitted any admissible evidence to establish the content of the purported October 18, 1998 premium notice to Mr. Coger stated. As Exhibit C to Defendant's Brief reflects, some of its past premium notices that it sent to Mr. Coger (such as the 1993 and 1994 notices) stated only that a premium was due on a specified date – without stating that the policy would lapse or terminate if the payment was not received by the end of the grace period. Other premium due notices (such as the 1995, 1996 and 1997 notices) did include language advising that the policy would lapse if payment was not received by the end of the grace period. Even if a "premium due notice" was generated by Primerica on or about October 18, 1998, and was mailed shortly thereafter, there is no admissible evidence before this Court to establish that the notice contained the required language notifying Mr. Coger that the Policy would lapse or terminate if payment was not received within 31 days of the due date.

Indeed, at the December 14, 2006 hearing, Defense Counsel was asked to identify the evidence presented in support of Defendant's Motion for Summary Judgment that establishes that the purported October 1998 premium notice contained the required language and counsel acknowledged that no such evidence had been submitted to the Court.

The Court therefore concludes that there is a genuine issue of material fact as to whether Primerica sent Mr. Coger a written termination notice that comports with M.C.L. §500.4012(b). The Court shall therefore deny both cross-motions seeking summary judgment.

The Court notes that on December 19, 2006, Defendant filed a motion seeking leave to file a supplemental brief in order to present evidence that was not submitted in support of Defendant's

8

Motion or in opposition to Plaintiff's Motion for Summary Judgment.[1]  Citing *Arnold v. Garcia*, 2006 U.S. Dist. LEXIS 55172 (E.D. Mich. 2006), Defendant asserts that this Court has the discretion to grant leave allowing supplemental briefing.

Both parties, however, had ample opportunity to present to the Court all the evidence in their possession that supported their respective requests for summary judgment.  Indeed, because the parties filed cross-motions for summary judgment, each party was permitted to file 3 separate briefs setting forth their positions and the evidence supporting their positions.  The Court therefore declines to exercise its discretion to allow additional briefing by either party.  Defendant's motion seeking to file supplemental briefing shall therefore be denied.

<u>CONCLUSION & ORDER</u>

For the reasons set forth above, **IT IS ORDERED** that the parties' cross-motions seeking summary judgment [Docket Entry Nos. 34 and 35] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion seeking leave to file supplemental briefing [Docket Entry No. 49] is **DENIED.**

**IT IS SO ORDERED**.

S/Sean F. Cox
SEAN F. COX
UNITED STATES DISTRICT JUDGE

Dated: February 5, 2007

---

[1]Plaintiff expressed a desire to file a brief in response to any supplemental brief Defendant was permitted to file.  Thus, following the filing of Defendant's motion, Defendant proposed that an entirely new briefing schedule be permitted (*i.e.*, a supplemental brief by Defendant, a new response to that supplemental brief by Plaintiff, and yet an additional reply brief by Defendant.)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Brenda J. Coger,

      Plaintiff,

v.                                                           Case No. 05-70001

Primerica Life Insurance Company,              Honorable Sean F. Cox
a Massachusetts Corp. Licensed in the
State of Michigan,

      Defendants.
_____/


**PROOF OF SERVICE**

The undersigned certifies that the foregoing opinion and order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on February 5, 2007.

                                     s/Jennifer Hernandez
                                     Case Manager to
                                     District Judge Sean F. Cox

10